May it please the Court, my name is Andrew Grossman, appearing on behalf of the Appellants Gilbert Hyatt and the American Association for Equitable Treatment. If I could, I'd like to reserve two minutes for rebuttal. Sure, just watch your time. Congress adopted the Paperwork Reduction Act to reduce the burden of government on the public, and it appointed the Office of Management and Budget to independently enforce agencies' compliance with the Act. Congress understood that the background presumption of judicial review meant that parties injured by the OMB's actions could challenge them in court. We know that because Congress carved out a single narrow exception for judicial review of OMB actions on newly promulgated regulations. That exception is contained in the statutory subsection that expressly governs OMB's review of new regulations, and the statute even says that it applies only when there has just been a rulemaking. The Court should reject the OMB's attempt to expand that narrow exception so as to swallow the general rule and to override the strong presumption in favor of judicial review. I'd like to address three points. The first is the application of the subsection D exception to OMB actions outside of subsection D, like the 2013 PRA action that we challenged. Excuse me just a minute. If 111, 115 and 116, they are agency rules, is that right? Yes, Your Honor. When the PTO submitted those to the OMB, right? Yes, Your Honor. And OMB said, no, they're not amenable to the rule here. You don't have to submit those. In other words, OMB did not act. Is that action appealable? Yes, Your Honor. Under what part of the law would it be appealable? It is appealable under the APA. It's a final agency action by OMB. There was a submission pursuant to section 3507 by the agency, and then OMB responded by saying that its final determination was that no approval was necessary. If OMB had determined that an approval process was necessary and disapproved them or taken some other action. They didn't act. They just said, here, this doesn't belong here. It didn't act. It falls under the statute of D, as I understand it, and it's not appealable. Your Honor, two points. Why isn't that the right view of the statute? For several reasons, Your Honor. First of all, OMB did act. In other words, they made a determination that these particular information collections were not subject to the Paperwork Reduction Act. That was a final determination by OMB. And so that's part of what we're OMB certainly could not have acted pursuant to subsection D, because if OMB was acting pursuant to subsection D, it violated every single procedure in that entire subsection. It was late. It didn't file comments on the rules. It was years out of time to take any type of subsection D action. And moreover, the PTO's submission to OMB made clear that it was not seeking an action under subsection D. It was proceeding under subsection C or subsection H, both of which don't apply to information collections that are contained in newly promulgated rules. Subsection D embodies this time limitation that it can only function along with the promulgation of a notice and comment rule. And when OMB was proceeding in this instance, it simply was not acting, could not act, pursuant to subsection D. As I understand it, if we were going under subsection D, and I'm just trying to make sure I understand this because it's the first time I've really been involved in this, D-6 would say, the decision to approve or not act upon a collection of information contained in an agency rule shall not be subject to judicial review. So if I read that alone, can I also say that there are certain issues which could be reviewed? In other words, if I'm just reading the rule very carefully, it seems to me that one could appeal an approval or not action on a collection of information if it weren't contained in the agency rule. So Your Honor, first of all, I agree with that. The second point I would make is that there are additional, there's additional statutory language as well as statutory structure that's relevant here. That is one sub-provision of subsection D. Well, and I'd also say that we also could have judicial review of an OMB decision to disapprove collections, whether contained in the agency rule or not. Yes, Your Honor. And it would also suggest that the exemptions of certain rules from notice and comment under 5 U.S.C. 553A would also be appealable to the court. Yes, Your Honor. I think that would proceed under subsection C. In other words, the subsection C approval pathway. So what we've really got to find to find it not judicially reviewable is it got to be an approval or not action on collection information contained in the agency rule, right? Well, there's also, I think, a timing limitation. I think the better way to look at section 3507 is that it has these three pathways for approval that apply at different times. The subsection D pathway where that judicial review limitation is contained can only apply during and immediately following the promulgation of a new notice and comment rule. The section 6 applies only in that situation? Excuse me? Are you saying that subsection 6 applies only in that situation? Yes, Your Honor. I'm saying that that's the case for all of the subprovisions of subsection D. So what happened? Well, what happened here wasn't it that the agency, PTO, submitted it to the rules to OMB. OMB looked at it and they said, we're not acting on your request to deal with this. Isn't that what happened here? I think there's a little more background, Your Honor. But yes or no, according to just what your view of it is? Not exactly, Your Honor. The PTO promulgated these rules years ago. These are not recent rules. OMB filed a single page, you know, a short notice in the Federal Register which kicks off this PRA review process that was seeking approval of certain information collections pursuant to subsection C or subsection H. They went through the procedures that apply to those. But that H is just the, it's the renewal. Yes, Your Honor. Does that then mean that in order to accept your interpretation of 6 and the application of it here, we have to also conclude that D only applies during, to things that happen during a rule-making process? Yes. During an immediate. That's the linchpin of your argument. That is the linchpin of our argument. Suppose we don't accept that, what do you think happens in 6 then? If we don't accept, I mean, obviously our view is that that is not a permissible reading of the statute because it causes absurd results, as the district court recognized. But if the court were to hold that, we still have a separate claim challenging the OMB's denial of Mr. Hyatt's Section 3517 petition. But you're just, if 6 bars it, then what you're doing now and here on review is just doing indirectly what the law says you cannot do directly by serving it up on another I don't think that's right, Your Honor. Congress enacted the Section 3517 petitioning process specifically to provide relief to the public for members of the public who are being injured by so-called bootleg information collections. In other words, information collections that had never been approved by OMB. But this isn't really even an information collection, is it? This is what happens, it's what you have to do if you're going to file, partake in a process after your application has been omitted, been rejected, or changed. Your Honor, the PRA describes information, defines information collections very broadly and OMB's implementing regulations do as well. It's any type of soliciting information from more than a certain number of people. And the rules that are issued... We solicit information all the time in the form of briefs that apply to everybody in the court. That's right, Your Honor, but the courts are not considered an agency subject to the PRA. If I could, with respect to the OMB's interpretation of Subsection D, I'd like to just point out that parallel to Subsection D-6 is another provision that limits OMB's ability to make disapproval decisions to 60 days following the promulgation of a final rule. If D-6 can apply outside of the rulemaking process years later, that provision would apply as well. What that would mean is that when an agency seeks an extension of an approval for an information collection contained in a notice and comment rule even years later, OMB would be barred from ever disapproving it. That doesn't make any sense. Do you want to save any time? Yes, Your Honor, I'll reserve the time for rebuttal. Thank you. You bet. Good morning, Your Honor. Jennifer Utrecht on behalf of OMB may place the court. Your Honor, through the PRA, Congress created a mechanism for the Office of Management and Budget to oversee agency efforts to collect statistical information or answers to identical questions from more than 10 people. In enacting this law, Congress made clear that when these collections are contained in agency rules, that oversight function should be conducted by OMB, not by the courts. This is confirmed by 3507 D-6, which expressly precludes judicial review of any collection of information contained in an agency rule. But it is also confirmed by the structure and the legislative history of this act. Congress did not create a private right of action under the Paperwork Reduction Act. It also created Section 3512, which expressly allows people challenging collections of information to raise it as defenses to agency proceedings. And it gave a great amount of discretion to OMB in deciding whether to disapprove. Indeed, if you look at 3507 D-4, which my colleague suggests is limited only to 60 days, that's simply not true. D-4 says that the director in the director's discretion can disapprove any collection of information that was not specifically required by an agency rule. Excuse me. You've read 111, 115, and 116 of the rules, haven't you? Yes, sir. Where do they individually or collectively call for answers to identical questions posed to or identical reporting record requirements imposed on anybody? Where in those text of those rules do they actually do that? Your Honor, it is simply the case that these rules are not collections of information, but that is not a question that this Court has to answer, because plaintiff's lawsuit is premised on the assumption that they are. And in order for there to be review of that, you would have to get around D-6. And D-6 expressly precludes judicial review of any collection of information contained in an agency rule. So, again, on the merits of the question. If it's not a collection of information, does D-6 apply? Well, Your Honor, again, the presumption the plaintiffs are making here and their very challenge rests on their ability to show that it is a collection of information. Now, the answer on the merits of that is, of course, no. These rules do not actually collect identical answers from multiple people. But at the threshold, in order to even address that question, we have to assume what the plaintiffs are pleading, which is that they are collections of information. But if they aren't collections of information, then I'm having a tough time understanding why D-6 would apply at all. Again, Your Honor, because the presumption at this stage is that these are collections of information. The very lawsuit is premised on the idea that these are collections of information. If they're not collections of information, then their lawsuit would fail on the merits, of course. But you're not there yet. But we're not there yet. At least that's your position. But the problem comes, I guess, is that we're at the point where the OMB has suggested that this is not something that they should get involved with. They're saying it's just not. And then I've got to determine whether that's a judicially reviewable decision. And the only way under D-6 that suggests it's reviewable is that it is approve or not act upon a collection of information contained in agency rule. And I guess that says that I would not worry if they approve this collection of information not contained in the agency rule. I could have judicial review of an OMB decision to disapprove the collections, whether contained in the agency rule or not, which I'm not sure this is it. And it would also not limit me from looking at the exemptions, which are on notice and comment under 553A. So I'm trying to say this request really doesn't seek judicial review that's authorized in D-6. So why shouldn't it be reviewable? Well, Your Honor, again, if we were looking at the allegations in the plaintiff's complaint, the very theory that this case is proceeding under is that these rules, these things that went through notice and comment, contain collections of information and that PTO has been acting pursuant to these rules collecting information and that that is a violation of the statute. Well, but rather than approving or disapproving these requests, the OMB declared the requests weren't even subject. So it doesn't seem to me that D-6 applies at all. If it isn't even subject to the PRA, that's something that somebody ought to review someplace, and nobody is giving them any place to let that happen. You don't want that to be a final decision. Therefore, you don't want it to be up. You don't want to suggest that it's at all anything but discretionary, and so, therefore, so he's left without a remedy. Well, Your Honor, he's not left without a remedy. Under 3512, he has the ability, and this is how Congress intended Paperwork Reduction Act challenges to be raised, he has the ability to raise the Paperwork Reduction Act as a defense in any proceeding against him. The Supreme Court also says that a petitioner shouldn't have to wait for a defense, that a petitioner ought to be able to go forward and do something. In U.S. Army Corps of Engineers v. Hawks, we've long held that parties need not await reinforcement proceedings before challenging the action. Parties need not assume that such risks while waiting for the action to drop the hammer in order to get his day in court. If he would have done nothing, and an enforcement proceeding would have been brought, he would have risked forfeiture of his patents. So it doesn't seem to me that what you're arguing is his remedy is an appropriate one. Seems to me he ought to have a way to get to this decision before waiting for OMB to act. Or, excuse me, not OMB, PRA, the agency who gave the question. USPTO. Yeah. Well, Your Honor, D-6 does expressly state that decisions not to act on a collection of information contained in an agency rule are not subject to judicial review. And, indeed, had OMB simply said, we approve this collection of information, regardless of whatever the statutory procedures were, that also would not be reviewable. And the reason for this, Your Honor – Just a minute. I'm worried about that because if I read the statute very carefully, they could appeal, if you will, the approval, the judicial review of the – there could be judicial review of the OMB decision to deny the collections, whether contained in the agency rule or not. Yes, Your Honor, and the reason for that is explained in the legislative history, which is that Congress did not – And that's what this could be. Well, Congress did not want OMB to be able to essentially sink agency rules that were otherwise going through notice and comment for reasons outside of the statute. And so there could be challenges allowing for these rules to go forward. But OMB's decision to approve, to say that this collection of information is within the statute or simply not to act on it, is not subject to judicial review. And that, again, here we have OMB's – But that's not what we have. They're not simply not acting, right? They're actually declaring this isn't subject to. And there's a distinction there that I just think you keep glossing over. I don't think there's a strong distinction there, Your Honor, because if this were truly a collection of information and OMB has done what it's done, which is to say we're not going to require you to move forward on this, we're not going to require you to submit Paperwork Reduction Act reports, that is a decision not to act. Again, we're – Is that what they did here, is not act and then give an explanation of why they did not act? Well, Your Honor, what they have done here is they have said that this information is not subject to the Paperwork Reduction Act because it's not a collection of information. That's what makes it Kafkaesque. That's what makes it Kafkaesque, and that's what Judge Smith is getting at, about somebody should be able to review the decision that the paperwork – this just doesn't even apply, right? It may well be that there's an exemption, and it may be that this isn't a collection of information, but it does seem to me that's the next step, and Judge Smith's trying to get in a word edgewise. No, all I was trying to say is I was trying to agree with her. And besides, if they had done something under the authority to do something, it would have got some kind of a – if you will, they go through the agency, they wish to do all this. The first thing they do is they give it a number. They give it something that says it is. Nobody ever gave one here. Well, Your Honor, again, the provision does say a decision not to act. There would not be a number if OMB decided not to act on this. So let's just back up. Is it your position in response to Judge Payne's question that they decided not to act and then just gave an explanation? Or – because I think that's qualitatively different than having the agency decide that this falls – doesn't fall within the statutory scheme at all. Well, Your Honor, again, I think the plaintiff's position here is that this is a collection of – I'm asking for your position. Our position here is – oh, sorry. OMB decided that this was not a collection of information. And they have continuously decided that both in – My question is, did they decide that this statutory scheme doesn't apply at all? Or did they get to step one, decide not to act, which they're allowed to do, within this rubric of the statutory scheme, and then provide an explanation, which is that the collection isn't a collection? Well, initially, Your Honor – so we were talking back in the 1980s when this rule was promulgated. The rules were sent to OMB, and OMB said nothing about these rules. And I believe that that would be a decision not to act. And so we have to assume a presumption of regularity, which is exactly why D-6 provides that decisions not to act or decisions to disapprove an agency – or, sorry, to approve an agency rule are not subject to judicial review. And it would be strange indeed to suggest that petitioners or plaintiffs could simply wait a certain specified amount of time in order to bring these challenges decades later to collaterally attack the rules. Rules. What about the newer rules? The newer rules, the amendments to the rule? Is your answer the same? Yes, Your Honor. Okay. Anything further for a judge? Thank you, counsel. If I may, Your Honors, just a few quick points in rebuttal. First is – first is that, of course, the OMB acted here twice. In the court below the court, the OMB argued that there was not final agency action. It abandoned that argument on appeal. There are, of course, two actions here. One is the 2013 PRA action. The other is the petition denial. The citation – the – my friend's reference to the public protection provision as an adequate alternative remedy I think is foreclosed by Hawks and Sackett. That seems pretty clear because it's affirmative defense, and it doesn't really provide much in the way of a remedy. But I think that's even stronger with respect to the petitioning claim, that is the 3517 petition claim. Congress created a special petitioning provision to obtain relief specifically in circumstances like this, to obtain pre-enforcement relief. And so, of course, that's the typical kind of thing that you would expect to be appealable into court so that somebody can actually obtain that kind of relief. So even if the court finds that the challenge to the PRA action is barred, the petition – the petition decision presents an entirely different issue altogether. And finally, I think my friend has no response to the absurd results argument that we raise. It's something that OMB did not address in its brief either. Thank you, Your Honor, and we ask the Court to reverse. Thank you both for your helpful arguments. We'll take the case under advisement.
judges: N.R. Smith, Christen, Payne